UNITED STATES DISTRICT COURT
WESTERN DIVISION OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| WILSON J. BATISTE | CIVIL ACTION NO. 6:16-CV-00813 |
| VERSUS | JUDGE JAMES |
| PHARMA-SAFE INDUSTRIAL SERVICES, INC. and ENVEN ENERGY VENTURES, LLC | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending is defendant Pharma-Safe Industrial Services, Inc.'s motion for a more definite statement, under Fed. R. Civ. P. 12(e).  (Rec. Doc. 3).  The motion is opposed, and oral argument is scheduled for November 22, 2016.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is denied.

### BACKGROUND

The plaintiff, Wilson J. Batiste, alleged in his complaint that he was injured on December 13, 2015, while working as a painter/sandblaster for Clean Blast, LLC.  At the time of the alleged incident, Mr. Batiste was assigned by his employer to work on a fixed platform on the Outer Continental Shelf.  The platform was allegedly owned and operated by defendant Enven Energy Ventures, LLC, and Enven had allegedly contracted with defendant Pharma-Safe Industrial Services, Inc. for offshore safety and supervision services.

Mr. Batiste alleged that, on the day of the accident, he was instructed by Enven and Pharma to enter into one of the platform's supporting legs, to travel down a distance of 173 vertical feet, and to perform painting and sandblasting operations at that location. Some time after this work began, Mr. Batiste was allegedly found unconscious and unresponsive. He was safely extracted and diagnosed as having suffered a hypoxic syncopal episode. Mr. Batiste contends that this was caused by the allegedly noxious and dangerous fumes that accumulated where he was working.

In his complaint, Mr. Batiste listed thirty-two separate bases for his claim that Pharma and Enven are liable for his damages, including but not limited to their alleged "failure to properly follow MMS, OSHA and other safety rules and regulations in existence in connection with the painting/sandblasting activities being conducted below the surface of the platform at the time of petitioner's injuries." (Rec. Doc. 1 at 5). It is clear from reading the complaint that Mr. Batiste's reference to applicable safety rules and regulations has to do with rules regarding working on the Outer Continental Shelf, rules for working in confined spaces, rules for working in the presence of residual fumes and/or a toxic atmosphere, rules specifying appropriate and necessary ventilation, rules addressing the use of respirators or other protective equipment, and rules having to do with devices used to determine the level of toxic gases, paint fumes, or other fumes.

Pharma seeks to require Mr. Batiste to provide a more definite statement, contending that his complaint is vague and contains ambiguities that prevent Pharma from reasonably addressing whether it owed a duty to Mr. Batiste at the time of the accident. In particular, Pharma argues that Mr. Batiste's allegation that Pharma failed to properly follow MMS, OSHA, and other safety rules and regulations regarding the painting and sandblasting operations being conducted at the time of Mr. Batiste's alleged injury is vague and ambiguous because no particular rules or regulations are identified.

## LAW AND ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to Rule 8(a), a complaint will be deemed inadequate only if it fails to (1) provide notice of the circumstances that gave rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist.[1] A motion for more definite statement, under Rule 12(e) of the Federal Rules of Civil Procedure, is appropriate "[i]f a pleading fails to specify the allegations in a manner that provides

---

[1] *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999), citing *General Star Indemnity, Co. v. Vesta Fire Ins. Corp.*, 173 F.3d 946, 950. (5th Cir. 1999).

sufficient notice."[2] Thus, when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response, the defendant is permitted to file such a motion.

Motions for a more definite statement are "generally disfavored"[3] and are "granted sparingly."[4] Although a party may employ Rule 12(e) to enforce the minimum requirement of Rule 8's notice pleading, Rule 12(e) is not a substitute for discovery and should not be granted when the defendant is complaining about matters that can either be clarified or developed during discovery  Indeed, "a motion for a more definite statement will not be granted where the moving party can reasonably respond to the non-movant's pleading, but wants the non-movant to plead additional information that could otherwise be later gained through discovery."[5]

---

[2] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[3] § 1377 Motion for a More Definite Statement—Current Practice Under Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1377 (3d ed.)

[4] § 1376 Motion for a More Definite Statement—Scope of Amended Rule 12(e), 5C Fed. Prac. & Proc. Civ. § 1376 (3d ed.)

[5] *Brown v. Maxxam, Inc.*, No. 90–1468, 1991 WL 13918, at *2_ (E.D. La. Jan. 28, 1991), affirmed, 993 F.2d 1543 (5th Cir. 1993), citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959).

When a party moves for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.[6]

In this case, Pharma states that the Coast Guard and OSHA have promulgated rules and regulations potentially pertaining to the platform where Mr. Batiste was working and the work he was doing at the time of the accident and that the Coast Guard and the Minerals Management Service entered into a memorandum of understanding following the Deepwater Horizon incident by which the Coast Guard ceded ruling making on many Outer Continental Shelf issues to the Minerals Management Service. Pharma argues that it cannot answer the complaint without knowing precisely which of these rules or regulations Mr. Batiste claims is applicable under the factual scenario presented in his complaint. Pharma also argues that it cannot answer the complaint because Mr. Batiste did not, with regard to all thirty-two of the listed items, detail which of them apply only to Pharma, which apply only to Enven, and which might apply to both. These arguments lack merit.

Pharma cited no statutory or jurisprudential support for its contention that a complaint must identify with specificity the statutory or regulatory enactments that might be applicable to the plaintiff's claim in order to pass muster under Rule 8, and

---

[6] *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d at 130.

Case 6:16-cv-00813-RGJ-PJH   Document 15   Filed 10/26/16   Page 6 of 7 PageID #: 62

this Court is aware of no such authority. This Court finds that, in this case, it is to be expected that discovery will lead to an identification and understanding of the specific rules and regulations applicable to offshore operations in confined spaces involving painting, sandblasting, the presence of fumes, and the need for protective equipment. The particular statutes, rules, and regulations addressing those subjects need not be identified by name and number at this stage of the litigation in order for Pharma to be able to respond to the complaint.

Furthermore, in a situation such as this, when more than one defendant is potentially liable for a plaintiff's damages, it is not unusual for the complaint to be worded so that the allegations are initially directed against all of the defendants. It is likely that, during the course of discovery, information will be gathered that identifies which defendant was responsible for each discrete part of the operation during which the accident occurred.

Finally, Pharma's contention that the complaint is so vague and ambiguous that it cannot reasonably respond is inconsistent with the fact that the other defendant, Enven, has already filed its answer.

This Court finds that the plaintiff's complaint satisfies the requirements of Rule 8(a). It is not unintelligible, and it gives the defendants fair notice of the basis of the plaintiff's claims and the grounds on which the claims rest. Nothing more is required.

The complaint is not so vague and ambiguous that Pharma cannot reasonably prepare a response. Furthermore, a Rule 12(e) motion for a more definite statement is not a substitute for the discovery process. The specific statutory or regulatory enactments on which the plaintiff's claims are grounded may be explored and identified through discovery, and the role that each party played in the operation during which Mr. Batiste was allegedly injured will become clearer as discovery progresses. Accordingly,

IT IS ORDERED that Pharma's motion for a more definite statement (Rec. Doc. 3) is DENIED; and

IT IS FURTHER ORDERED that oral argument on the motion, which was previously scheduled for November 22, 2016, is CANCELLED.

Signed at Lafayette, Louisiana on this 26th day of October 2016.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE